# CLAY *v.* UNITED STATES

No. 01–1500.   Argued January 13, 2003—Decided March 4, 2003

GINSBURG, J., delivered the opinion for a unanimous Court.

*Thomas C. Goldstein,* by appointment of the Court, 537 U. S. 808, argued the cause for petitioner. With him on the briefs was *Amy Howe.*

*Matthew D. Roberts* argued the cause for the United States. With him on the briefs were *Solicitor General Olson, Assistant Attorney General Chertoff,* and *Deputy Solicitor General Dreeben.*

*David W. DeBruin,* by invitation of the Court, 536 U. S. 974, argued the cause and filed a brief as *amicus curiae* in support of the judgment below. With him on the brief was *Elaine J. Goldenberg.*

JUSTICE GINSBURG delivered the opinion of the Court.

A motion by a federal prisoner for postconviction relief under 28 U. S. C. § 2255 is subject to a one-year time limitation that generally runs from "the date on which the judgment of conviction becomes final." § 2255, ¶ 6(1). This case concerns the starting date for the one-year limitation. It presents a narrow but recurring question on which courts of appeals have divided: When a defendant in a federal prosecution takes an unsuccessful direct appeal from a judgment of conviction, but does not next petition for a writ of certiorari from this Court, does the judgment become "final" for postconviction relief purposes (1) when the appellate court issues its mandate affirming the conviction, or, instead, (2) on the date, ordinarily 69 days later, when the time for filing a petition for certiorari expires?

In accord with this Court's consistent understanding of finality in the context of collateral review, and the weight of lower court authority, we reject the issuance of the appellate

court mandate as the triggering date. For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.

## I

In 1997, petitioner Erick Cornell Clay was convicted of arson and distribution of cocaine base in the United States District Court for the Northern District of Indiana. On November 23, 1998, the Court of Appeals for the Seventh Circuit affirmed his convictions. That court's mandate issued on December 15, 1998. See Fed. Rules App. Proc. 40(a)(1) and 41(b) (when no petition for rehearing is filed, a court of appeals' mandate issues 21 days after entry of judgment). Clay did not file a petition for a writ of certiorari. The time in which he could have petitioned for certiorari expired on February 22, 1999, 90 days after entry of the Court of Appeals' judgment, see this Court's Rule 13(1), and 69 days after the issuance of the appellate court's mandate.

On February 22, 2000—one year and 69 days after the Court of Appeals issued its mandate and exactly one year after the time for seeking certiorari expired—Clay filed a motion in the District Court, pursuant to 28 U. S. C. § 2255, to vacate, set aside, or correct his sentence. Congress has prescribed "[a] 1-year period of limitation" for such motions "run[ning] from the latest of" four specified dates. § 2255, ¶ 6. Of the four dates, the only one relevant in this case, as in the generality of cases, is the first: "the date on which the judgment of conviction becomes final." § 2255, ¶ 6(1).

Relying on *Gendron* v. *United States,* 154 F. 3d 672, 674 (CA7 1998) *(per curiam),* the District Court stated that "when a federal prisoner in this circuit does not seek certiorari . . . , the conviction becomes 'final' on the date the appellate court issues the mandate in the direct appeal." App. to Pet. for Cert. 8a. Because Clay filed his § 2255 mo-

tion more than one year after that date, the court denied the motion as time barred.

The Seventh Circuit affirmed. That court declined Clay's "invitation to reconsider our holding in *Gendron*," although it acknowledged that *Gendron's* "construction of section 2255 represents the minority view." 30 Fed. Appx. 607, 609 (2002). "Bowing to *stare decisis*," the court expressed "reluctan[ce] to overrule [its own] recently-reaffirmed precedent without guidance from the Supreme Court." *Ibid.*

The Fourth Circuit has agreed with *Gendron's* interpretation of § 2255. See *United States* v. *Torres*, 211 F. 3d 836, 838–842 (2000) (when a federal prisoner does not file a petition for certiorari, his judgment of conviction becomes final for § 2255 purposes upon issuance of the court of appeals' mandate). Six Courts of Appeals have parted ways with the Seventh and Fourth Circuits. These courts hold that, for federal prisoners like Clay who do not file petitions for certiorari following affirmance of their convictions, § 2255's one-year limitation period begins to run when the defendant's time for seeking review by this Court expires.[1] To secure uniformity in the application of § 2255's time constraint, we granted certiorari, 536 U. S. 957 (2002), and now reverse the Seventh Circuit's judgment.[2]

---

[1] See *Derman* v. *United States*, 298 F. 3d 34, 39–42 (CA1 2002); *Kapral* v. *United States*, 166 F. 3d 565, 567–577 (CA3 1999); *United States* v. *Gamble*, 208 F. 3d 536, 537 (CA5 2000) *(per curiam); United States* v. *Garcia*, 210 F. 3d 1058, 1059–1061 (CA9 2000); *United States* v. *Burch*, 202 F. 3d 1274, 1275–1279 (CA10 2000); *Kaufmann* v. *United States*, 282 F. 3d 1336, 1337–1339 (CA11 2002).

[2] Agreeing with the position advanced by the majority of the courts of appeals that have ruled on the question, the United States joins petitioner Clay in urging that Clay's § 2255 motion was timely filed. We therefore invited David W. DeBruin to brief and argue this case, as *amicus curiae*, in support of the Seventh Circuit's judgment. Mr. DeBruin's able advocacy permits us to decide the case satisfied that the relevant issues have been fully aired.

## II

Finality is variously defined; like many legal terms, its precise meaning depends on context. Typically, a federal judgment becomes final for appellate review and claim preclusion purposes when the district court disassociates itself from the case, leaving nothing to be done at the court of first instance save execution of the judgment. See, *e. g., Quackenbush* v. *Allstate Ins. Co.,* 517 U. S. 706, 712 (1996); Restatement (Second) of Judgments § 13, Comment *b* (1980). For other purposes, finality attaches at a different stage. For example, for certain determinations under the Speedy Trial Act of 1974, 18 U. S. C. § 3161 *et seq.,* and under a now-repealed version of Federal Rule of Criminal Procedure 33, several lower courts have held that finality attends issuance of the appellate court's mandate. See Brief for *Amicus Curiae* by Invitation of the Court 22–28 (hereinafter DeBruin Brief) (citing cases). For the purpose of seeking review by this Court, in contrast, "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." This Court's Rule 13(3).

Here, the relevant context is postconviction relief, a context in which finality has a long-recognized, clear meaning: Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires. See, *e. g., Caspari* v. *Bohlen,* 510 U. S. 383, 390 (1994); *Griffith* v. *Kentucky,* 479 U. S. 314, 321, n. 6 (1987); *Barefoot* v. *Estelle,* 463 U. S. 880, 887 (1983); *United States* v. *Johnson,* 457 U. S. 537, 542, n. 8 (1982); *Linkletter* v. *Walker,* 381 U. S. 618, 622, n. 5 (1965). Because "we presume that Congress expects its statutes to be read in conformity with this Court's precedents," *United States* v. *Wells,* 519 U. S. 482, 495 (1997), our unvarying understanding

of finality for collateral review purposes would ordinarily determine the meaning of "becomes final" in § 2255.

*Amicus* urges a different determinant, relying on verbal differences between § 2255 and a parallel statutory provision, 28 U. S. C. § 2244(d)(1), which governs petitions for federal habeas corpus by state prisoners. See DeBruin Brief 8–20. Sections 2255 and 2244(d)(1), as now formulated, were reshaped by the Antiterrorism and Effective Death Penalty Act of 1996. See §§ 101, 105, 110 Stat. 1217, 1220. Prior to that Act, no statute of limitations governed requests for federal habeas corpus or § 2255 habeas-like relief. See *Vasquez v. Hillery,* 474 U. S. 254, 265 (1986); *United States v. Nahodil,* 36 F. 3d 323, 328 (CA3 1994). Like § 2255, § 2244(d)(1) establishes a one-year limitation period, running from the latest of four specified dates. Three of the four time triggers under § 2244(d)(1) closely track corresponding portions of § 2255. Compare §§ 2244(d)(1)(B)–(D) with § 2255, ¶¶ 6(2)–(4). But where § 2255, ¶ 6(1), refers simply to "the date on which the judgment of conviction becomes final," § 2244(d)(1)(A) speaks of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[3]

When "Congress includes particular language in one section of a statute but omits it in another section of the same Act," we have recognized, "it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States,* 464 U. S.

---

[3] The Courts of Appeals have uniformly interpreted "direct review" in § 2244(d)(1)(A) to encompass review of a state conviction by this Court. See *Derman v. United States,* 298 F. 3d, at 40–41; *Williams v. Artuz,* 237 F. 3d 147, 151 (CA2 2001); *Kapral v. United States,* 166 F. 3d, at 575; *Hill v. Braxton,* 277 F. 3d 701, 704 (CA4 2002); *Ott v. Johnson,* 192 F. 3d 510, 513 (CA5 1999); *Bronaugh v. Ohio,* 235 F. 3d 280, 283 (CA6 2000); *Anderson v. Litscher,* 281 F. 3d 672, 674–675 (CA7 2002); *Smith v. Bowersox,* 159 F. 3d 345, 347–348 (CA8 1998); *Bowen v. Roe,* 188 F. 3d 1157, 1159 (CA9 1999); *Locke v. Saffle,* 237 F. 3d 1269, 1273 (CA10 2001); *Bond v. Moore,* 309 F. 3d 770, 774 (CA11 2002).

16, 23 (1983) (quoting *United States* v. *Wong Kim Bo*, 472
F. 2d 720, 722 (CA5 1972)). Invoking the maxim recited in
*Russello, amicus* asserts that "becomes final" in § 2255,
¶ 6(1), cannot mean the same thing as "became final" in
§ 2244(d)(1)(A); reading the two as synonymous, *amicus*
maintains, would render superfluous the words "by the con-
clusion of direct review or the expiration of the time for seek-
ing such review"—words found only in the latter provision.
DeBruin Brief 8–20. We can give effect to the discrete
wording of the two prescriptions, *amicus* urges, if we adopt
the following rule: When a convicted defendant does not seek
certiorari on direct review, § 2255's limitation period starts
to run on the date the court of appeals issues its mandate.
*Id.*, at 36.[4]

*Amicus* would have a stronger argument if § 2255, ¶ 6(1),
explicitly incorporated the first of § 2244(d)(1)(A)'s finality
formulations but not the second, so that the § 2255 text read
"becomes final *by the conclusion of direct review.*" Had
§ 2255 explicitly provided for the first of the two finality trig-
gers set forth in § 2244(d)(1)(A), one might indeed question
the soundness of interpreting § 2255 implicitly to incorporate
§ 2244(d)(1)(A)'s second trigger as well. As written, how-
ever, § 2255 does not qualify "becomes final" at all. Using
neither of the disjunctive phrases that follow the words "be-
came final" in § 2244(d)(1)(A), § 2255 simply leaves "becomes
final" undefined.

*Russello*, we think it plain, hardly warrants the decision
*amicus* urges, one that would hold the § 2255 petitioner to

---

[4] Although recognizing that "the question is not presented in this case,"
Tr. of Oral Arg. 27, *amicus* suggests that § 2255's limitation period starts
to run upon issuance of the court of appeals' mandate even in cases in
which the defendant does petition for certiorari. *Id.*, at 27–28, 36–38, 41–
42. As *amicus* also recognizes, however, *id.*, at 41, courts of appeals
"have uniformly concluded that, if a prisoner petitions for certiorari, the
contested conviction becomes final when the Supreme Court either denies
the writ or issues a decision on the merits," *United States* v. *Hicks*, 283
F. 3d 380, 387 (CADC 2002).

a tighter time constraint than the petitioner governed by § 2244(d)(1)(A). *Russello* concerned the meaning of a provision in the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U. S. C. § 1961 *et seq.,* that directed forfeiture to the United States of "any interest [a convicted defendant] has acquired . . . in violation of [the Act]." § 1963(a)(1). The petitioner in *Russello* urged a narrow construction of the unqualified words "any interest . . . acquired." Rejecting that argument, we observed that a succeeding subsection, § 1963(a)(2), reached "any interest in . . . any enterprise" the defendant conducted in violation of RICO's proscriptions." (Internal quotation marks omitted.) At that point, we referred to the maxim invoked by *amicus.* See *supra,* at 528. The qualifying words "in . . . any enterprise" narrowed § 1963(a)(2), but in no way affected § 1963(a)(1). The comparison of the two subsections, we said, "fortified" the broad construction we approved for the unmodified words "any interest . . . acquired." *Russello,* 464 U. S., at 22–23 (internal quotation marks omitted); see *id.,* at 23 ("Had Congress intended to restrict § 1963(a)(1) to an interest in an enterprise, it presumably would have done so expressly as it did in the immediately following subsection (a)(2).").

Far from supporting the Seventh Circuit's constricted reading of § 2255, ¶ 6(1), *Russello's* reasoning tends in Clay's favor. An unqualified term—here "becomes final"—*Russello* indicates, calls for a reading surely no less broad than a pinpointed one—here, § 2244(d)(1)(A)'s specification "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Moreover, as Clay and the Government urge, see Brief for Petitioner 22; Reply Brief for United States 7–8, one can readily comprehend why Congress might have found it appropriate to spell out the meaning of "final" in § 2244(d)(1)(A) but not in § 2255. Section 2244(d)(1) governs petitions by state prisoners. In that context, a bare reference to "became final" might have suggested that finality assessments

should be made by reference to state-law rules that may differ from the general federal rule and vary from State to State. Cf. *Artuz v. Bennett*, 531 U. S. 4, 8 (2000) (an application for state postconviction relief is *"properly* filed" for purposes of 28 U. S. C. § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable [state] laws and rules governing filings"). The words "by the conclusion of direct review or the expiration of the time for seeking such review" make it clear that finality for the purpose of § 2244(d)(1)(A) is to be determined by reference to a uniform federal rule. Section 2255, however, governs only petitions by federal prisoners; within the federal system there is no comparable risk of varying rules to guard against.

*Amicus* also submits that 28 U. S. C. § 2263 "reinforces" the Seventh Circuit's understanding of § 2255. DeBruin Brief 20; accord, *Torres*, 211 F. 3d, at 840. Chapter 154 of Title 28 governs certain habeas petitions filed by death-sentenced state prisoners. Section 2263(a) prescribes a 180-day limitation period for such petitions running from "final State court affirmance of the conviction and sentence on direct review or the expiration of the time for seeking such review." That period is tolled, however, "from the date that a petition for certiorari is filed in the Supreme Court until the date of final disposition of the petition if a State prisoner files the petition to secure review by the Supreme Court of the affirmance of a capital sentence on direct review by the court of last resort of the State or other final State court decision on direct review." § 2263(b)(1).

We do not find in § 2263 cause to alter our reading of § 2255. First, *amicus'* reliance on § 2263 encounters essentially the same problem as does his reliance on § 2244(d)(1)(A): Section 2255, ¶ 6(1), refers to *neither* of the two events that § 2263(a) identifies as possible starting points for the limitation period—"affirmance of the conviction and sentence on direct review" and "the expiration of the time for seeking such review." Thus, reasoning by negative implication from § 2263

does not justify the conclusion that § 2255, ¶ 6(1)'s limitation period begins to run at one of those times rather than the other. Cf. *supra*, at 529–531. Second, § 2263(a) ties the applicable limitation period to "affirmance of the conviction and sentence," while § 2255, ¶ 6(1), ties the limitation period to the date when "the judgment of conviction becomes final." See *Torres*, 211 F. 3d, at 845 (Hamilton, J., dissenting). "The *Russello* presumption—that the presence of a phrase in one provision and its absence in another reveals Congress' design—grows weaker with each difference in the formulation of the provisions under inspection." *Columbus* v. *Ours Garage & Wrecker Service, Inc.*, 536 U. S. 424, 435–436 (2002).

\*    \*    \*

We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires. Under this rule, Clay's § 2255 petition was timely filed. The judgment of the United States Court of Appeals for the Seventh Circuit is therefore reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*