UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
> *Plaintiff-Appellee,*

v.

RODDRICK KEMTRELL MCDONALD,
> *Defendant-Appellant.*

No. 02-7809

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Richard L. Voorhees, District Judge.
(CR-94-44, CA-00-77-V)

Submitted: March 26, 2003

Decided: April 18, 2003

Before MICHAEL, MOTZ, and SHEDD, Circuit Judges.

---

Reversed and remanded in part and dismissed in part by unpublished per curiam opinion.

---

## COUNSEL

Roddrick Kemtrell McDonald, Appellant Pro Se. Thomas Richard Ascik, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Roddrick Kemtrell McDonald appeals from the district court's order dismissing his 28 U.S.C. § 2255 (2000) motion as untimely under the Antiterrorism and Effective Death Penalty Act. An appeal may not be taken from the final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1) (2000). When, as here, a district court dismisses a § 2255 motion solely on procedural grounds, a certificate of appealability will not issue unless the movant can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir.) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), *cert. denied*, 534 U.S. 941 (2001).

McDonald claims in his § 2255 motion that his Sixth Amendment right to effective assistance of counsel was violated when his counsel failed to make objections to the indictment; failed to subpoena witnesses and records that he stated would show that he was in Palm Beach, Florida, and not in North Carolina, at the time of the conspiracy; and did not permit him to testify, which McDonald alleges was also in violation of his Sixth Amendment right to testify at his trial.

As to the ineffective assistance claims not involving the indictment, McDonald has satisfied the first of the requirements for a COA under *Slack*. *See, e.g.*, *Washington v. Murray*, 952 F.2d 1472, 1476 (4th Cir. 1991) (attorney's failure to present exculpatory evidence is ordinarily deficient "unless some cogent tactical or other consideration justified it."); *Bassette v. Thompson*, 915 F.2d 932, 940-41 (4th Cir. 1990) (petitioner must proffer the identification of potential witnesses and their specific testimony that allegedly would have been favorable); *Rock v. Arkansas*, 483 U.S. 44, 51-52 (1987) (constitutional right to testify on own behalf); *Sexton v. French*, 163 F.3d 874, 881-82 (4th Cir. 1998) (trial counsel has burden of informing defendant of nature and existence of right). And as discussed below, the district court's procedural ruling was incorrect in light of a recent Supreme Court

case, of which the district court did not have the benefit. Therefore, McDonald has satisfied the second requirement as well, and we grant a certificate of appealability as to the ineffective assistance claims concerning counsel's failure to subpoena witnesses and records and the denial of McDonald's right to testify.

The Supreme Court has recently held that "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 123 S. Ct. 1072, 1079 (2003). *Clay* overrules this court's ruling in *United States v. Torres*, 211 F.3d 836, 837 (4th Cir. 2000), which held where the movant failed to petition for certiorari, the conviction becomes final for purposes of the AEDPA upon issuance of the mandate by the court of appeals.

The district court relied upon *Torres* in determining that McDonald's § 2255 motion was late under the AEDPA. Under the Supreme Court's recent ruling in *Clay*, McDonald's § 2255 motion appears to be timely filed. We therefore reverse the district court's order denying the § 2255 motion as untimely and remand for the district court to proceed with consideration of the merits of the motion in the first instance.

We deny a certificate of appealability and dismiss the appeal as to the ineffective assistance issue related to the challenges to the indictment. McDonald's direct appeal challenged the sufficiency of the indictment in terms of fatal variance. Because this court has decided the fatal variance issues, and any remaining claims related to the indictment are deemed frivolous, it is not debatable whether the claim properly states the denial of a constitutional right. We therefore dismiss this portion of the appeal.

We deny McDonald's motion to place the case in abeyance for *Clay v. United States* as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*REVERSED AND REMANDED IN*

*PART; DISMISSED IN PART*