UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.                                             No. 02-7873

KEVIN MAURICE SMITH,
              *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-98-369, CA-01-665)

Submitted: May 27, 2003

Decided: June 12, 2003

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Kevin Maurice Smith, Appellant Pro Se. A.J. Lang, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Kevin Maurice Smith appeals the order of the district court adopting the report and recommendation of the magistrate judge and dismissing his motion under 28 U.S.C. § 2255 (2000), as untimely. An appeal may not be taken to this court from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue for claims dismissed by a district court solely on procedural grounds unless the movant can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir.) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), *cert. denied*, 534 U.S. 941 (2001).

In dismissing Smith's motion, the district court properly relied on this court's ruling in *United States v. Torres*, 211 F.3d 836, 837 (4th Cir. 2000). *Torres*, however, was subsequently overruled by *Clay v. United States*, 123 S. Ct. 1072 (2003). Pursuant to *Clay*, it is now clear that Smith's convictions were not final until the ninety-day period for filing a petition for a writ of certiorari had expired. *See Clay*, 123 S. Ct. at 1079. Because Smith's § 2255 motion was filed within one year of the date his convictions became final, the motion was timely filed. Thus, Smith has shown that the district court's procedural ruling was debatable or wrong.* *See Rose*, 252 F.3d at 684.

Although Smith satisfied the second prong of the *Rose* test, he has failed to establish the first prong. Smith's original § 2255 motion raises a substantive claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), as well as a related claim of ineffective assistance of counsel. This court has previously held that *Apprendi* is not retroactively applicable to cases on collateral review where, as here, the Defendant did not raise an *Apprendi*-type claim at trial or on direct

---

*We note that the district court did not have the benefit of *Clay* when it issued its decision.

appeal. *See United States v. Sanders*, 247 F.3d 139, 151 (4th Cir.), *cert. denied*, 534 U.S. 1032 (2001). Further, counsel was not ineffective for failing to anticipate the Supreme Court's *Apprendi* decision. Accordingly, Smith's § 2255 motion fails to state a debatable claim of the denial of a constitutional right. *See Rose*, 252 F.3d at 684.

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*