**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

TODD ANDREW HERBERT,
　　　　　　*Defendant-Appellant.*

No. 01-7349

On Remand from the United States Supreme Court.
(S. Ct. No. 01-10397)

Submitted: May 27, 2003

Decided: June 18, 2003

Before WILKINS, Chief Judge, and LUTTIG and
MOTZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

## COUNSEL

Todd Andrew Herbert, Appellant Pro Se. Joseph William Hooge
Mott, Assistant United States Attorney, Roanoke, Virginia, for Appel-
lee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

This case is on remand from the United States Supreme Court for "further consideration in light of *Clay v. United States*, 538 U.S. __[, 123 S. Ct. 1072] (2003)." Todd Andrew Herbert seeks to appeal the district court's order dismissing his motion under 28 U.S.C. § 2255 (2000). In dismissing Herbert's claim under *United States v. Rhynes*, 196 F.3d 207, 238-40 (4th Cir. 1999), *vacated in part on other grounds*, 218 F.3d 310 (4th Cir. 2000), raised in his motion to amend the § 2255 motion, the district court relied on this court's ruling in *United States v. Torres*, 211 F.3d 836, 837 (4th Cir.) (*rev'd*, *Clay v. United States*, 123 S. Ct. 1072 (2003)), by finding the claim untimely filed. Because *Torres* was overruled by *Clay*, it is now clear that Herbert's conviction was not final until after the ninety-day period of time for petitioning for a writ of certiorari had expired. *See Clay*, 123 S. Ct. at 1079. Herbert's motion to amend his § 2255 motion was filed within one year of his conviction becoming final. Accordingly, it was timely filed, and the district court erred to the extent that it dismissed Herbert's *Rhynes* claim as untimely. As to the remaining claims disposed by the district, we find no error. However, because Herbert failed to make the appropriate showing, we deny a certificate of appealability and dismiss the appeal.

An appeal may not be taken to this court from the final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue for claims addressed by a district court on the merits absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A certificate of appealability will not issue as to claims dismissed by a district court solely on procedural grounds unless the movant can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001).

As to those claims dismissed by the district court on the merits, we find Herbert fails to make "a substantial showing of the denial of a

constitutional right." As to the *Rhynes* claim, which was dismissed solely on procedural grounds, Herbert fails to show that counsel was ineffective for failing to argue on appeal that the district court erred by providing the jury with a general verdict form. "[T]he case law is clear that an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law." *Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995). Thus, Herbert cannot state a valid claim of the denial of a constitutional right.

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*