UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                                      No. 02-6123

CURTIS SIFFORD,
           *Defendant-Appellant.*

On Remand from the United States Supreme Court.
(S. Ct. No. 01-10898)

Submitted: July 23, 2003

Decided: August 18, 2003

Before MICHAEL and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

### COUNSEL

Curtis Sifford, Appellant Pro Se. Gretchen C.F. Shappert, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

This case is on remand from the United States Supreme Court for "further consideration in light of *Clay v. United States*," 537 U.S. 522, 123 S. Ct. 1072 (2003). Curtis Sifford seeks to appeal the district court's order denying relief on his motion filed under 28 U.S.C. § 2255 (2000). Because we find that he fails to make a substantial showing of the denial of a constitutional right as discussed below, we deny a certificate of appealability and dismiss the appeal.

The district court's order denied Sifford's § 2255 motion as time-barred under the AEDPA. Under prevailing Fourth Circuit caselaw at that time, Sifford's conviction was considered final as of the time this court issued its mandate affirming the conviction. *See United States v. Torres*, 211 F.3d 836, 839 (4th Cir. 2000). The Supreme Court abrogated the rule announced in *Torres* in its recent opinion in *Clay*, and held that a federal criminal conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction in the Supreme Court. *Clay*, 123 S. Ct. at 1079. Thus, in light of *Clay*, we now find that Sifford's motion was timely filed under the AEDPA.

Sifford may not appeal from the denial of relief on his § 2255 motion, however, unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 1040 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.), *cert. denied*, 534 U.S. 941 (2001).

While we conclude that jurists of reason could debate the correctness of the district court's procedural ruling, we have independently reviewed the record and conclude that Sifford has not made a substantial showing of the denial of a constitutional right. Accordingly, we

deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*