# UNITED STATES COURT OF APPEALS

**UNPUBLISHED**

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

MELVIN QUICK,
　　　　　　*Defendant-Appellant.*

No. 02-6252

On Remand from the United States Supreme Court.
(S. Ct. No. 02-7089)

Submitted: July 23, 2003

Decided: August 18, 2003

Before MOTZ and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

### COUNSEL

Melvin Quick, Appellant Pro Se. Gretchen C.F. Shappert, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

This case is on remand from the United States Supreme Court for "further consideration in light of *Clay v. United States*," 537 U.S. 522, 123 S. Ct. 1072 (2003). Melvin Quick seeks to appeal the district court's order denying relief on his motion filed under 28 U.S.C. § 2255 (2000). Because we find that he fails to make a substantial showing of the denial of a constitutional right as discussed below, we deny a certificate of appealability and dismiss the appeal.

The district court, in rendering its decision, dismissed Quick's amended § 2255 claims as time-barred under the AEDPA. Under prevailing Fourth Circuit caselaw at that time, Quick's conviction was considered final as of the time this court issued its mandate affirming the conviction. *See United States v. Torres*, 211 F.3d 836, 839 (4th Cir. 2000). The Supreme Court abrogated the rule announced in *Torres* in its recent opinion in *Clay*, and held that a federal criminal conviction becomes final when the time expires for filing a petition for certiorari in the Supreme Court contesting the appellate court's affirmation of the conviction. *Clay*, 123 S. Ct. at 1079. Thus, in light of *Clay*, we now find that Quick's amended claims were timely filed under the AEDPA.

Quick may not appeal from the denial of relief on his § 2255 motion, however, unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, ___, 123 S. Ct. 1029, 1040 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.), *cert. denied*, 534 U.S. 941 (2001).

While we conclude that jurists of reason could debate the correctness of the district court's procedural finding that Quick's amended claims were time-barred under the AEDPA, we have independently

reviewed the record and conclude that Quick has not demonstrated the denial of a constitutional right as to these amended claims. We further find that Quick has not made the requisite showing to obtain a certificate of appealability as to any of the claims raised in his initial § 2255 motion.

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*