**UNITED STATES of America, Plaintiff—Appellee,**

v.

**John Leslie GREER, Defendant— Appellant.**

No. 02–15836.

DC No. CV 01–1716 SMM, CR 97–0278 SMM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2003.

Decided Oct. 30, 2003.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

Linda C. Boone, Esq., John E. Stevens, AUSA, USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Nancy L. Hinchcliffe, Esq., John Leslie Greer, pro se, Phoenix, AZ, for Defendant–Appellant.

Before HUG, B. FLETCHER, and TASHIMA, Circuit Judges.

MEMORANDUM *

John Leslie Greer appeals from the district court's judgment denying his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The district court denied Greer's motion on the ground that it was barred by the applicable statute of limitations because it was filed more than one year after his judgment became final. *See* 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

There is no dispute that Greer's petition was filed more than one year after the date his original written judgment became final and that his motion is untimely if the statute of limitations began to run on that date. Greer contends, however, that the limitations period restarted when his judgment was amended by the district court on September 18, 2000.

Greer's argument is unpersuasive. Because the amended judgment did not substantively change the sentence imposed and added no new basis for an appeal, it did not affect the finality of the original judgment. *See Clay v. United States*, 537 U.S. 522, 527–28, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003) (judgment of conviction becomes final for the purpose of 28 U.S.C.

of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 2255 when the defendant's opportunity for direct appeal of his conviction has been exhausted). Therefore, we conclude that the amended judgment did not restart the limitations period for Greer's § 2255 motion.[1]

Greer contends that the amended judgment could have been appealed on the basis that the district court lacked jurisdiction to make a substantive change to his sentence. *See* Fed.R.Crim.P. 35(a) (arithmetical, technical, or other clear error must be corrected within 7 days of sentencing); Fed.R.Crim.P. 35(b) (later reductions in sentence may be made for defendant's substantial assistance). This claim, however, fails because the amended judgment did not make any substantive change to Greer's *legally operative sentence.* Where there is inconsistency between the judgment as pronounced in open court at the sentencing hearing and as later reduced to writing in the written judgment, the oral pronouncement controls. *United States v. Bergmann,* 836 F.2d 1220, 1221–22 (9th Cir.1988). The amended judgment made no change to Greer's sentence, as orally pronounced by the judge at his sentencing hearing. Both the orally-pronounced sentence and the amended judgment provided that Greer was to serve eight months in the custody of the Bureau of Prisons, followed by eight months of house arrest, and three years of supervised release. The amended judgment merely corrected what appears to be a clerical mistake in the original written judgment to clarify the terms of the sentence as orally pronounced at the sentencing hearing.[2] Such an amendment is permitted at "any time." Fed.R.Crim.P. 36.

Therefore, the statute of limitations for Greer's § 2255 motion began running on the date his original judgment became final, and Greer's motion is untimely because it was filed more than one year after that date. Accordingly, the judgment of the district court is AFFIRMED.

---

1. *United States v. Colvin,* 204 F.3d 1221 (9th Cir.2000), does not control the outcome of this case. In *Colvin,* we held that the statute of limitations does not begin to run until the district court enters an amended judgment following remand from the court of appeals. *Id.* at 1225. We specifically limited our holding, however, to "those cases in which we either partially or wholly reverse a defendant's conviction or sentence, or both, and expressly remand to the district court." *Id.* Because no substantive change was made to the judgment of conviction or the sentence, and the district court amended the judgment *sua sponte, Colvin* does not apply here.

2. This change could only have benefitted Greer, as the original written judgment appeared to impose a longer sentence than had been announced orally.