**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 03-6577**

—————

REGINALD ANTHONY FALICE,

                              Petitioner - Appellant,

        versus

UNITED STATES OF AMERICA,

                              Respondent - Appellee.

—————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, District Judge. (CR-98-244-3, CA-03-68-3-2-MU)

—————

Submitted: October 22, 2003        Decided: December 12, 2003

—————

Before WILLIAMS and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————

Dismissed by unpublished per curiam opinion.

—————

Reginald Anthony Falice, Appellant Pro Se.

—————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Reginald Anthony Falice seeks to appeal the district court's order dismissing his pleading construed as a 28 U.S.C. § 2255 (2000) motion. Falice cannot appeal this order unless a circuit judge or justice issues a certificate of appealability, and a certificate of appealability will not issue absent a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A habeas appellant meets this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, ___, 123 S. Ct. 1029, 1039 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.), cert. denied, 534 U.S. 941 (2001). We have independently reviewed the record and conclude Falice has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.[*] We dispense

_____

[*] The district court relied on United States v. Torres, 211, F.3d 836, 837 (4th Cir. 2000) to determine that Falice's conviction became final when this Court issued its mandate affirming his conviction and sentence on direct appeal. Applying Torres, the district court found that Falice's petition was untimely because it was filed more than one year after we issued a mandate affirming his conviction on direct appeal. The United States Supreme Court has since held that where, as here, a federal prisoner does not challenge an appellate court's affirmance of his conviction and sentence by petitioning for certiorari in the United States Supreme Court, his conviction does not become final until the time expires for him to do so. Clay v. United States, 537 U.S. 522, ___, 123 S. Ct. 1072 (2003). For this appeal, we have assumed Falice filed his

2

with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

pleading on the date he signed it, <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988), and applied <u>Clay</u> to determine that Falice's pleading was timely under the AEDPA, 28 U.S.C. § 2244(d)(1) (2000). However, Falice's pleading fails to establish he can make a substantial showing of the denial of a constitutional right, and consequently, Falice establishes no grounds that warrant the issuance of a certificate of appealability.