**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 03-6768**

—————————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

CLIFTON LEE JORDAN,

                                        Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Cameron McGowan Currie, District
Judge.  (CR-99-795; CA-03-472-4-22)

—————————

Submitted:  March 31, 2004          Decided:  April 16, 2004

—————————

Before MOTZ and TRAXLER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

—————————

Dismissed by unpublished per curiam opinion.

—————————

Clifton Lee Jordan, Appellant Pro Se.  Rose Mary Parham, Assistant
United States Attorney, Florence, South Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Clifton Lee Jordan seeks to appeal the district court's order dismissing as untimely his 28 U.S.C. § 2255 (2000) motion. Because we find that he fails to make a substantial showing of the denial of a constitutional right as discussed below, we deny a certificate of appealability and dismiss the appeal.

The district court's order denied Jordan's § 2255 motion as time-barred under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Jordan's judgment of conviction was entered August 16, 2000. This court affirmed by an opinion filed November 20, 2001, and a mandate issued on December 12, 2001. See United States v. Jordan, 2001 WL 1470842 (4th Cir. Nov. 20, 2001) (No. 00-4606)(unpublished). Jordan filed a § 2255 motion dated January 28, 2003, in the district court. Construing the motion as having been filed on that date, see Houston v. Lack, 487 U.S. 266 (1988), under the rule announced in Clay v. United States, 537 U.S. 522 (2003), the motion was filed within the one-year limitations period. Under Clay, a federal criminal conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction in the Supreme Court. Clay, 537 U.S. at 524-25. Thus, in light of Clay, we now find Jordan's motion was timely filed under the AEDPA.

Jordan may not appeal from the denial of relief on his § 2255 motion, however, unless a circuit justice or judge issues a

certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).

While we conclude that jurists of reason could debate the correctness of the district court's procedural ruling, we have independently reviewed the record and conclude that Jordan has not made a substantial showing of the denial of a constitutional right. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED