50

Roberto BERAS, Defendant–Appellant,

v.

UNITED STATES of America,
Plaintiff–Appellee.

Docket No. 05–1298–CR.

United States Court of Appeals,
Second Circuit.

Oct. 18, 2005.

Roberto Beras, Lisbon, Ohio, for Appellant, pro se.

Samidh Guha, Assistant United States Attorney (Robin L. Baker, Assistant United States Attorney, on the brief) for David N. Kelley, United States Attorney for the Southern District of New York, New York, New York, for Appellees.

Present: MESKILL, NEWMAN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, entered on January 14, 2005, is hereby AFFFIRMED.

Defendant Roberto Beras, who is currently serving a 292–month term of incarceration for his participation in an international money laundering scheme, *see United States v. Dinero Express, Inc.,* 313 F.3d 803 (2d Cir.2002), appeals from the district court's denial of his motion for a new trial. *See* Fed.R.Crim.P. 33. Beras further submits that he is entitled to resentencing in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *Rule 33 Motion for a New Trial*

We review a district court's denial of a Rule 33 motion for abuse of discretion, *see United States v. Rivas,* 377 F.3d 195, 199 (2d Cir.2004), mindful that the "strict" standard for granting such relief, *United States v. Gambino,* 59 F.3d 353, 364 (2d Cir.1995), requires a district court to be left with a "real concern that an innocent person may have been convicted," *United States v. Sanchez,* 969 F.2d 1409, 1414 (2d Cir.1992).

We have urged "great caution" in granting Rule 33 motions based on newly discovered evidence.[1] *United States v. Za-*

gari, 111 F.3d 307, 322 (2d Cir.1997). A defendant bears the burden of demonstrating that the evidence is genuinely "new," *i.e.,* that it was "discovered after trial" and "could not, with the exercise of due diligence, have been discovered sooner" and that the evidence "is so material that it would probably produce a different verdict." *United States v. Slutsky,* 514 F.2d 1222, 1225 (2d Cir.1975); *accord United States v. Zagari,* 111 F.3d at 322.

Beras's claim of newly discovered exculpatory statements by prosecution witnesses Liriano and Mendoza fails at the first step of this analysis because, as the district court found and the record confirms, these statements had been disclosed to the defense prior to trial pursuant to 18 U.S.C. § 3500. As to Beras's claim of newly discovered exculpatory statements by witness Felipe, the district court acted within its discretion in concluding that Beras could not carry his Rule 33 burden by offering only a vague, conclusory description of these statements, particularly in light of the government's credible declaration that it had no knowledge of any exculpatory statements by this witness. Further, Beras failed to explain why he could not have discovered any such statements in time for trial. Finally, to the extent Beras pointed to new evidence of inconsistencies between witness Tavares's trial testimony and his plea allocution, the discrepancies were not material for reasons outlined by the district court and certainly did not demonstrate perjury. *See United States v. Monteleone,* 257 F.3d 210, 218–19 (2d Cir.2001).

Accordingly, we reject as without merit Beras's challenge to the district court's

---

1. To the extent Beras were to seek a new trial on any ground other than new evidence, his motion would be untimely. *See* Fed. R.Crim.P. 33(b) (permitting motion based on newly discovered evidence to be filed within three years of verdict, but requiring motion based on any other reason to be filed with seven days of verdict).

denial of his Rule 33 motion for a new trial.

2. *Resentencing*

■ Beras asserts that he is entitled to a new sentencing in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, applying the Sixth Amendment rulings in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, to sentences imposed under the United States Sentencing Guidelines. This argument is foreclosed by our decision in *Guzman v. United States*, holding that *"Booker* is not retroactive, *i.e.*, it does not apply to cases ... where the defendant's conviction was final as of January 12, 2005, the date that *Booker* was issued," 404 F.3d 139, 141 (2d Cir.2005). Beras's conviction became final more than eight months before *Booker*. On May 17, 2004, this court denied Beras's motion for a rehearing of his direct appeal, the Supreme Court having already denied his petition for a writ of certiorari on February 23, 2004. *See Clay v. United States*, 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

Accordingly, Beras is not entitled to a remand for resentencing.

The January 14, 2005 judgment of the district court denying defendant's Rule 33 motion for a new trial is hereby AFFIRMED.