**APPEL CORP., now known as I.A. Alliance Corp., Plaintiff–Appellant,**

v.

**Norman KATZ, Defendant–Appellee.**

No. 05–6697–cv.

United States Court of Appeals, Second Circuit.

Feb. 2, 2007.

**4**

Steven G. Storch, Storch Amini & Munves PC (Elizabeth M. Toll, on the brief), New York, NY, for Plaintiff–Appellant.

Donald L. Kreindler, Phillips Nizer LLP (Michael S. Fischman, on the brief), New York, NY, for Defendant–Appellee.

Present: Hon. AMALYA L. KEARSE, Hon. SONIA SOTOMAYOR, Circuit Judges, Hon. MIRIAM GOLDMAN CEDARBAUM, District Judge.*

### SUMMARY ORDER

Plaintiff-appellant Appel Corp. ("Appel") appeals from the December 2, 2005 judgment and the April 24, 2006 corrected judgment of the United States District Court of the Southern District of New York (Mukasey, C.J.) denying Appel's motion to confirm the Award of Arbitrators dated April 15, 2005 (the "April 15 Award") pursuant to 9 U.S.C. § 9, vacate the Award of Arbitrators dated April 18, 2005 (the "April 18 Award") on statutory grounds, see 9 U.S.C. § 10(a)(4), and non-statutory grounds, and stay the enforcement of the April 18 Award; and granting defendant-appellee Norman Katz's ("Katz") motion to confirm the April 18 Award pursuant to 9 U.S.C. § 9 and lift the stay of enforcement of a 2001 judgment in favor of Katz.[2] *I. Appel Corp. v. Katz*, No. 02–cv–8879, 2005 WL 2995387, 2005 U.S. Dist. LEXIS 26972 (Nov. 9, 2005). We assume the parties' familiarity with the underlying facts of the case, its procedural history and the arguments on appeal.

We affirm the judgment for substantially the reasons stated by the district court. First, we reject Appel's claim that the district court erred in refusing to confirm the April 15 Award. The district court properly deferred to the interpretation of the American Arbitration Association ("AAA") of its own rules regarding finality, which is a concept that body has the authority to define differently in different circumstances. *See Koch Oil, S.A. v. Transocean Gulf Oil Co.*, 751 F.2d 551, 554 (2d Cir.1985) (finding that, in light of the AAA rule vesting it with the authority to interpret and apply its own rules, parties are obligated to comply with the AAA's determinations so long as they are "within reasonable limits"); *cf. Burrell v. United States*, 467 F.3d 160, 163 (2d Cir.2006) (stating in the criminal context that " '[f]inality is variously defined,' and 'its precise meaning depends on context' " (citing *Clay v. United States*, 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003) (alteration in *Burrell*))). Second, because we find that the April 15 Award was not final, we also reject Appel's argument that the arbitrators were *functus officio* when they issued the April 18 Award.

Third, we agree with the district court that Appel did not demonstrate prejudice from the untimely issuing of the April 18 Award. Appel claims it showed prejudice because, it argues, absent the April 18 Award's untimely filing, the April 15 Award—which was more favorable to Appel—would have been issued as final. We agree with the district court that the majority of the arbitrators had already adopted the position enunciated in the

---

* The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

**2.** The April 24, 2006 corrected judgment corrected a clerical error in the earlier judgment, thereby changing the amount of the award from $386,656.63 to $327,811.90.

April 18 Award by the close of April 15, the last day an award would have been timely; hence the proper comparison for purposes of determining prejudice is between the April 18 Award and the position of the arbitrators at the close of April 15. Here, those two are the same. Because "there is no showing that actual harm to the losing party was caused by the delay," *West Rock Lodge No. 2120 v. Geometric Tool Co.*, 406 F.2d 284, 286 (2d Cir.1968), the district court's decision to uphold the award was within its discretion.

Finally, we reject Appel's claim that the April 18 Award was in manifest disregard of the law. Appel essentially argues that the panel misinterpreted the term "Net Proceeds" as defined in the Purchase Agreement. Because the contract did not define the term "relieving of reserves," however, an ambiguity existed in the contract sufficient to encompass the interpretation embodied in the April 18 Award. The arbitrators' explanation in that Award provided far more than the "barely colorable justification for the outcome" we require in order to enforce an award. *Wallace v. Buttar*, 378 F.3d 182, 190 (2d Cir.2004) (internal quotation marks and emphasis omitted); *see also United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987) (stating that a court should enforce any award in which "the arbitrator is even arguably construing or applying the contract"); *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 23, 25 (2d Cir.1997) (observing that "[i]nterpretation of ... contract terms is within the province of the arbitrator" and so "[t]his court has generally refused to second guess an arbitrator's resolution of a contract dispute" (internal quotation marks omitted)).

For the foregoing reasons, we AFFIRM the judgment of the district court.