**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-6195**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

MARTREY ANTWAIN NEWBY, a/k/a Trey,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, District Judge.  (4:07-cr-00051-FL-1; 4:12-cv-00042-FL)

Submitted:  May 29, 2014              Decided:  June 3, 2014

Before SHEDD, WYNN, and THACKER, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Martrey A. Newby, Appellant Pro Se.  J. Frank Bradsher, Joshua Bryan Royster, Shailika K. Shah, Augustus D. Willis, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Martrey Antwain Newby appeals the district court's order accepting the recommendation of the magistrate judge and dismissing as untimely filed his 28 U.S.C. § 2255 (2012) motion. We vacate this portion of the district court's order and remand for further proceedings. Newby does not, however, challenge on appeal the district court's denial of his 18 U.S.C. § 3582(c)(2) (2012) motion. Thus, he has forfeited appellate review of the district court's decision on that issue, see 4th Cir. R. 34(b), and we affirm that portion of the district court's order.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one year statute of limitations applies to the filing of a § 2255 motion. 28 U.S.C. § 2255(f). The limitations period runs from the latest of: (1) "the date on which the judgment of conviction becomes final;" (2) the date on which any government-imposed impediment to filing the motion is removed; (3) the date on which the asserted constitutional right was recognized and made retroactively applicable to cases on collateral review by the Supreme Court; or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Id.

With regard to subsection (f)(1), it is well settled that finality attaches when the Supreme Court "affirms a

2

conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003). Here, the Supreme Court denied Newby's timely-filed petition for writ of certiorari on March 28, 2011. Thus, his § 2255 motion, filed on March 22, 2012, was timely under the AEDPA. Accordingly, we vacate the district court's dismissal of Newby's § 2255 motion as untimely filed and remand for further proceedings.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED IN PART AND REMANDED

3