FILED
United States Court of Appeals
Tenth Circuit

April 10, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

PEDRO JULIAN MONTOYA-
GONZALEZ,

     Defendant - Appellant.

No. 14-5136
(N.D. Oklahoma)
(No. 4:14-CV-00640-GKF-TLW and
4:12-CR-00023-GKF-1)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
_____

Before **HARTZ**, **TYMKOVICH**, and **BALDOCK**, Circuit Judges.
_____

Defendant Pedro Julian Montoya-Gonzalez pleaded guilty in the United States

District Court for the Northern District of Oklahoma to the charge of reentry of a

deported alien in violation of 8 U.S.C. § 1326. He was sentenced to 46 months'

imprisonment. After our dismissal of his appeal for failure to prosecute, he filed a pro se

motion for relief under 28 U.S.C. § 2255, claiming that his counsel provided ineffective

assistance by failing to request (1) credit for the 27 days Defendant was incarcerated after

his arrest but before he was taken into federal custody, and (2) a downward departure

based on the "fast-track" early-disposition program, *see United States v. Luna-Acosta*,

715 F.3d 860, 861 n.2 (10th Cir. 2013) ("The so-called 'fast track' program allows a defendant, upon motion of the government, to obtain up to a four-level downward departure from his offense level in exchange for pleading guilty pursuant to an early disposition program."); USSG § 5K3.1. The district court denied the motion because it was untimely under 28 U.S.C. § 2255(f) and Defendant now seeks a certificate of appealability (COA) to appeal that denial. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal denial of § 2255 motion). We deny a COA and dismiss the appeal.

Motions under § 2255 are subject to a one-year statute of limitations. *See id.* § 2255(f). This court dismissed Defendant's direct appeal on July 8, 2013, because he had failed to pay the filing fee or file a proper motion for leave to proceed *in forma pauperis* (*ifp*). The limitations period started to run on October 6, 2013, upon expiration of the 90-day period for filing a petition for certiorari in the United States Supreme Court. *See Clay v. United States*, 537 U.S. 523, 532 (2003). Defendant submitted his § 2255 motion more than a year later, on October 13, 2014. In district court he asserted that his motion was timely because he had only recently found a case supporting his argument, but the district court explained that this discovery was irrelevant under § 2255(f). In his appellate brief, Defendant does not contest the district court's timeliness ruling and has

not offered any basis for overcoming the statutory bar.  We therefore DENY the request for a COA and DISMISS the appeal.  We also DENY the motion for leave to proceed *ifp*. Appellant is ordered to pay the filing fee to the district court forthwith.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge