**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-6710**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

FERMIN GOMEZ-JIMENEZ,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Senior District Judge. (1:17-cr-00589-JKB-3; 1:25-cv-00101-JKB)

Submitted: May 21, 2026                       Decided: May 27, 2026

Before AGEE and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Fermin Gomez-Jimenez, Appellant Pro Se. David Christian Bornstein, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fermin Gomez-Jimenez seeks to appeal the district court's order dismissing as untimely his 28 U.S.C. § 2255 motion. *See Whiteside v. United States*, 775 F.3d 180, 182-83 (4th Cir. 2014) (en banc) (explaining that § 2255 motions are subject to one-year statute of limitations, running from latest of four commencement dates enumerated in 28 U.S.C. § 2255(f)). The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Gomez-Jimenez has not made the requisite showing. Gomez-Jimenez does not challenge in his informal brief on appeal the district court's dispositive determination that his § 2255 motion was untimely or that equitable tolling did not apply. Accordingly, Gomez-Jimenez has forfeited appellate review of the district court's dispositive procedural ruling. *See* 4th Cir. R. 34(b).

Regardless, the district court's determinations that Gomez-Jimenez's § 2255 motion was untimely and that he failed to demonstrate extraordinary circumstances entitling him to equitable tolling are not debatable or wrong. This court affirmed Gomez-Jimenez's criminal judgment on direct appeal. *United States v. Gomez-Jimenez*, No. 21-4254, 2022 WL 17984480, at *2 (4th Cir. Dec. 29, 2022). Gomez-Jimenez did not file a petition for a

2

writ of certiorari; thus, his conviction became final on March 29, 2023, when his time for doing so expired. *See* 28 U.S.C. § 2255(f)(1); *Clay v. United States*, 537 U.S. 522, 525 (2003). The one-year limitations period thus expired on March 29, 2024. However, Gomez-Jimenez did not file his § 2255 motion until January 10, 2025.

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*
