**F I L E D**

**UNITED STATES COURT OF APPEALS**

**May 19, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JUAN JOSE RUIZ-CARRANZA,

    Defendant-Appellant.

No. 05-3321

District of Kansas

(D.C. Nos. 05-CV-3318-RDR and
03-CR-40118-RDR-ALL)

**ORDER**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

    Juan Jose Ruiz Carranza, a federal prisoner proceeding *pro se*, seeks a

certificate of appealability (COA) that would allow him to appeal from the

district court's order denying his habeas corpus petition under 28 U.S.C. § 2255.

*See* 28 U.S.C. § 2253(c)(1)(B). Because we conclude that Mr. Carranza has failed

to make "a substantial showing of the denial of a constitutional right," we deny

his request for a COA, and we dismiss the appeal. *Id*. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

## I. Background

Mr. Ruiz-Carranza was charged with and pleaded guilty to illegal reentry into the United States after having been convicted of an aggravated felony in violation of 8 U.S.C. §§ 1326(a) and (b)(2). In his plea agreement, Mr. Ruiz-Carranza admitted that he had been convicted of two aggravated felonies in the State of Oregon before his deportation and reentry. Mr. Ruiz-Carranza also waived his right to appeal and to collaterally attack his sentence. The district court accepted his plea and sentenced him to 41 months' imprisonment. Judgment was entered on March 30, 2004. Mr. Ruiz-Carranza did not file a direct appeal.

Mr. Ruiz-Carranza commenced this habeas corpus action in the district court on July 22, 2005. In his petition, he argued that his sentence is unconstitutional under *United States v. Booker*, 543 U.S. 220 (2005), because a jury did not find that he had committed an aggravated felony. The district court denied Mr. Ruiz-Carranza's habeas petition, finding that the petition was untimely and that Mr. Ruiz-Carranza had waived his right to collateral relief in his plea agreement. The district court also denied Mr. Ruiz-Carranza's petition on the merits, holding that Mr. Ruiz-Carranza admitted to the prior convictions in the plea agreement, that *Booker* does not apply retroactively to cases on collateral review, and that prior convictions are not facts that must be proved to a jury. The district court did not act on Mr. Ruiz-Carranza's request for a COA, and we deem

the district court's failure to act a denial of a COA. 10th Cir. R. 22.1(C). Mr. Ruiz-Carranza then filed an application for a COA in this Court.

## II. Claims on Appeal

The denial of a motion for relief under 28 U.S.C. § 2255 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).

At the outset, we note that the district court properly found that Mr. Ruiz-Carranza's habeas petition was untimely. "A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'" *Clay v. United States*, 537 U.S. 522, 524 (2003) (quoting 28 U.S.C. § 2255(1)). Although the start of the limitations period can be delayed if the right asserted by the defendant is one that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review,

*see* 28 U.S.C. § 2255(3), Mr. Ruiz-Carranza does not assert such a right. *Booker*, the Supreme Court decision on which he bases his claim, is not retroactively applicable to cases on collateral review. *See United States v. Bellamy*, 411 F.3d 1182, 1186 (10th Cir. 2005). The limitations period therefore runs from the date his conviction became final. Because Mr. Ruiz-Carranza did not file a direct appeal, his conviction became final ten days after the judgment was entered on March 30, 2004, or on Tuesday, April 13, 2004. *See* Fed. R. App. P. 4(b)(1)(A)(i) (notice of appeal must be filed within ten days after entry of judgment); 4(b)(6) (judgment is entered when entered on criminal docket); 26(a)(2) (excluding intermediate Saturdays, Sundays, and legal holidays when the period is less than eleven days). He therefore had until April 13, 2005 to file his habeas petition, and his petition filed on July 22, 2005 was untimely.

Even were we to find that Mr. Ruiz-Carranza's habeas petition was timely filed, he is not entitled to relief. In his request for a COA before this Court, he claims that increasing his sentence based on a prior conviction for an aggravated felony is unconstitutional under *Booker*. *Booker*, however, "does not apply retroactively to initial habeas petitions." *Bellamy*, 411 F.3d at 1186 (denying a COA to a federal prisoner, sentenced in 2003, who raised a *Booker* challenge). Thus, Mr. Ruiz-Carranza cannot challenge his sentence under *Booker*, as he raised this claim for the first time on collateral review.

### III.  Conclusion

Accordingly, we **DENY** Juan Jose Ruiz Carranza's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge