Justice Stevens,
concurring.
Unless there has been inexcusable delay on the part of the petitioner, I believe every person who has been sentenced to death should be given a fair opportunity to have his or her federal constitutional claims reviewed in a federal habeas corpus proceeding. In order to expedite that process, it might be appropriate to place a more practical construction on the requirement that state reme *932 dies must first be exhausted than the Court has been willing to accept, compare Rose v. Lundy, 455 U. S. 509 (1982), with id., at 522-531 (Blackmun, J., concurring in judgment), and id., at 545-550 (Stevens, J., dissenting). Under the Court’s current interpretation of the law, however, complete exhaustion of all state collateral remedies is an essential predicate for the commencement of federal habeas corpus proceedings.
The present application is from a state court’s denial of relief in a collateral proceeding. Because the scope of the State’s obligation to provide collateral review is shrouded in so much uncertainty, see Case v. Nebraska, 381 U. S. 336 (1965), this Court rarely grants review at this stage of the litigation even when the application for state collateral relief is supported by arguably meritorious federal constitutional claims. Instead, the Court usually deems federal habeas proceedings to be the more appropriate avenues for consideration of federal constitutional claims. See Huffman v. Florida, 435 U. S. 1014, 1017-1018 (1978) (Stevens, J., respecting denial of petition for certiorari). For that reason, I am persuaded that it is appropriate for this Court to deny this application for review of the State’s denial of collateral relief and thus to clear the way for the prompt initiation of federal habeas corpus proceedings. I assume that in such a proceeding the district court will routinely enter a stay of execution that will enable it to give full and deliberate consideration to the applicant’s constitutional claims. On review of the disposition of such an application by the district court and the court of appeals, I regularly vote to stay any scheduled execution in order to be sure that a death row inmate may have the same opportunity to have his or her federal claims considered by this Court as does any other applicant. The denial of the present application should not, therefore, be construed as having been predicated on a determination that there is no merit in the claims asserted in the state collateral review process.