JANUARY 17, 1992

No. 91–7018 (A–506). CLARK *v.* COLLINS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION. C. A. 5th Cir. Application for stay of execution of sentence of death, presented to JUSTICE SCALIA, and by him referred to the Court, denied. Certiorari denied. The order heretofore entered by JUSTICE SCALIA is vacated.

JUSTICE STEVENS, with whom JUSTICE BLACKMUN joins, dissenting.

The direct review of petitioner's conviction was not completed until November 18, 1991, when this Court denied certiorari. See *ante,* p. 969. Petitioner's lawyer, a solo practitioner, was unable to represent petitioner in postconviction proceedings. Meanwhile, an execution date of January 17, 1992, had already been set by the trial court. Petitioner, who is indigent, was unable to find a lawyer to represent him until December 27, 1991. On January 3, 1992, petitioner's new lawyer requested a modification of the execution date so that he could familiarize himself with the record; however, his request was denied.

On January 15, 1992, petitioner filed an application for postconviction writ of habeas corpus in the trial court and the Texas Court of Criminal Appeals. The next day, the trial court denied a stay of execution. Within the span of a few hours, the Court of Criminal Appeals adopted the trial court's findings and denied the application; the District Court denied petitioner's first federal habeas petition an hour after it was filed; and the Court of Appeals for the Fifth Circuit affirmed the denial of federal habeas corpus relief by a divided court.

Writing in dissent, Judge Davis explained that he would "grant the stay in this initial federal habeas petition" because he was "unable to adequately assess Clark's claim of ineffective assistance of counsel without reviewing the pertinent portions of the trial record, which are not now available to [him]." No. 92–2036 (CA5, Jan. 16, 1992), p. 7, judgt. order reported at 953 F. 2d 642.

As a matter of policy, I believe that we should routinely grant the stay application in all first federal habeas corpus cases "in order to be sure that a death row inmate may have the same

opportunity to have his or her federal claims considered by this Court as does any other applicant." *Kyles* v. *Whitley*, 498 U. S. 931 (1990) (STEVENS, J., concurring in denial of application). This case, however, presents an extreme example of why this is so. The compressed schedule has denied state and federal courts the opportunity to review filings with adequate time for reflection, much less to review the record, or even to receive a full response from the State.* Indeed, it is doubtful that counsel has had a fair opportunity to discharge his professional obligations. Thus, the more prudent approach is to grant a stay and to have procedures follow in their proper course. Accordingly, I respectfully dissent.

JANUARY 21, 1992

---

*The State, in response to petitioner's federal habeas petition, said that its "non-opposition" was based "on the recognition that additional time may be necessary in order for the Court to resolve the claims asserted by Clark," and also because the State has had to prepare for several executions in the space of a week and "simply has not adequately digested the record in light of Clark's claims, received only this morning." Respondent's Response to Petitioner's Request for Stay of Execution 9–10.