Justice Ginsburg,
with whom Justice Stevens, Justice Souter, and Justice Breyer join, dissenting.
The Court today concludes that an application for state postconviction review “no longer exists” — and therefore is *338 not “pending” — once it has been decided by a State’s highest court. Ante, at 332. What remains, the majority reasons, is a “separate” certiorari proceeding pending before this Court. Ibid. But petitions for certiorari do not exist in a vacuum; they arise from actions instituted in lower courts. When we are asked to review a state court’s denial of habeas relief, we consider an application for that relief — not an application for federal habeas relief. Until we have disposed of the petition for certiorari, the application remains live as one for state postconviction relief; it is not transformed into a federal application simply because the state-court applicant petitions for this Court’s review.[1]
I would therefore hold that 28 U. S. C. §2244(d)’s statute of limitations is tolled during the pendency of a petition for certiorari.[2] Congress instructed that the one-year limitation period for filing a habeas petition in the appropriate federal district court does not include “[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending.” § 2244(d)(2). That provision can and should be read to continue statutory tolling until this Court has either decided or denied a petition for certiorari addressed to the state court’s disposition of an application for postconviction relief. See Carey v. Saffold, 536 U. S. 214, 219-220 (2002) (“pending” means “in continu *339 anee” or “not yet decided” (internal quotation marks omitted)). The majority’s contrary reading of § 2244(d)(2) cuts short the tolling period before this Court has had an opportunity to consider an application for state postconviction relief. That reading, I conclude, is neither a necessary nor a proper interpretation of the statute.
I
Two other provisions in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1217,1223 — : §§ 2244(d)(1) and 2263(b)(2) — bear on the proper interpretation of § 2244(d)(2). The first of these, § 2244(d)(1)(A), tells us when AEDPA’s statute of limitations begins to run; it states that the trigger is “the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review.” Congress thus explicitly ordered that the clock starts, following a state conviction, when the time to file a petition for certiorari expires or, if a petition is filed, when it is decided or denied. See Clay v. United States, 537 U. S. 522, 527-529, and n. 3 (2003).
According to the majority, § 2244(d)(2) cannot be interpreted similarly to encompass this Court’s review because the text of that provision “refers exclusively to ‘State post-conviction or other collateral review.’” Ante, at 333 (emphasis in original). In fact, § 2244(d)(2) refers to an “application for State post-conviction or other collateral review.” (Emphasis added.) And it tolls the limitation period while the application is “pending,” not while it is “pending in State court.” See §2244(d)(2). Just as a judgment of conviction is not “final” until we have declined review or decided the case on the merits, see Clay, 537 U. S., at 527-530 (interpreting § 2255), so an application for state habeas relief is sensibly understood to remain “pending” until we have disposed of the case. It is a fundamental characteristic of our federal system that this Court has appellate jurisdiction over state- *340 court decisions implicating federal law or the Constitution. Until we have exercised that jurisdiction or declined to do so the case is not finally decided. See supra, at 338, and n. I.[3]
In support of its opposing view, the majority emphasizes that § 2244(d)(2) does not include the words “time for seeking . . . review,” words included in § 2244(d)(1)(A). This difference in phrasing, the majority reasons, indicates that Congress intended to cut off tolling as soon as the highest state court renders its judgment, well before a petition for review is filed in this Court.[4] But the wording of § 2244(d)(2), I am persuaded, is more appropriately contrasted with § 2263(b)(2), which prescribes a parallel tolling rule for “opt-in” capital cases. Section 2263(b)(2), unlike the provision at issue here, leaves no doubt that Congress intended to exclude from the tolling period the time for filing a petition for certiorari. It provides that the statute of limitations tolls “from the date on which the first petition for post-conviction review or other collateral relief is filed until the final State court disposition of such petition.” (Emphasis added.) Section 2263(b)(2) thus demonstrates that when Congress wanted to cut off tolling immediately upon the final *341 state-court decision — i. e., to exclude this Court’s review from the tolling period — it simply said so.
One can understand why Congress might have chosen an uncommon rule for the special capital cases covered by §§2261-2263, a separate chapter of the statute. By terminating tolling upon final state-court disposition, rather than extending the period during the pendency of a certiorari petition, Congress eliminated one source of delay in implementing the death penalty. But Congress provided that the shortened tolling period would apply only to petitions brought by prisoners in States that have established a mechanism for providing counsel in postconviction proceedings. See § 2261. An attorney, of course, is better equipped than a pro se petitioner to clear procedural hurdles, including shortened timelines.[5] Given the exceptional character of the opt-in category, § 2244(d)(2) is more appropriately aligned with § 2244(d)(1)(A), the provision immediately preceding it, than with § 2263(b)(2).
The majority maintains that if an application for state postconviction review were considered to be “pending” while a certiorari petition remained before this Court, then a state prisoner could not exhaust state postconviction remedies without filing a petition for certiorari. Ante, at 332-333. But exhaustion and tolling serve discrete functions and need not be synchronized. The former is a prerequisite to filing for habeas relief in federal court. Exhaustion promotes principles of comity and federalism by giving state courts the first opportunity to adjudicate claims of state prisoners; that doctrine, however, does not necessitate this Court’s review of the state court’s determination. See O’Sullivan v. Boerckel, 526 U. S. 838, 844 (1999) (“Comity ... dictates that when a prisoner alleges that his continued confinement for a *342 state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief.”). Tolling, in contrast, concerns the time within which a procedural move must be made, not the issues that must be raised before a particular tribunal. And while one purpose of tolling is to allow adequate time for exhaustion, that is not the sole objective. Tolling in the context here involved also protects a litigant’s ability to pursue his or her federal claims in a federal forum and avoids simultaneous litigation in more than one court— objectives undercut by today’s decision. See infra this page and 343-345.
Duncan v. Walker, 533 U. S. 167 (2001), does not suggest a different result. Cf. ante, at 332-333. In Duncan, we held that a federal habeas petition does not toll §2244(d)(l)’s limitation period because “an application for federal habeas corpus review is not an application for State post-conviction or other collateral review within the meaning of 28 U. S. C. § 2244(d)(2).” 533 U. S., at 181 (internal quotation marks omitted). But, unlike a federal habeas petition, an application for state habeas review undoubtedly is “an application for State post-conviction review.” This is so whether the application is under review in a state appellate court or is the subject of a petition seeking certiorari from this Court.
II
Not only is the majority’s reading of § 2244(d)(2) unwarranted, it will also spark the simultaneous filing of two pleadings seeking essentially the same relief. A petitioner denied relief by a State’s highest court will now have to file, contemporaneously, a petition for certiorari in this Court and a habeas petition in federal district court. Only by expeditiously filing for federal habeas relief will a prisoner ensure that the limitation period does not run before we have disposed of his or her petition for certiorari. Protective petitions will be essential, too, when we grant review of a state *343 court’s ruling on a state habeas petition, for many months can elapse between the date we agree to hear a case and the date we issue an opinion.[6] Consequently, the same claims will be pending in two courts at once, and the duplication will occasion administrative problems; for example, no decision, law, or rule tells us in which court the record in the case should be lodged. See this Court’s Rule 12, ¶ 7 (“The clerk of the court having possession of the record shall keep it until notified by the Clerk of this Court to certify and transmit it.”). There is no indication that Congress intended to burden the court system or litigants with such premature filings.[7]
The anticipatory filing in a federal district court will be all the more anomalous when a habeas petitioner prevails in state court and the State petitions for certiorari. Under the *344 majority’s decision, it appears, the petitioner will be obliged to file a protective petition in federal court even though he gained relief from the state tribunal. Lawrence questions whether the federal courts would even have jurisdiction over such a bizarre petition. See ante, at 335. While I incline to the view that a prisoner in such a position would have standing, Lawrence’s concerns are at least plausible and raise the specter of a habeas petitioner prevailing in state court, yet losing the right to pursue constitutional claims in federal court altogether: By the time we have ruled on the State’s petition, the statute of limitations likely would have run.
Though recognizing this problem, the majority suggests that equitable tolling may provide a solution. But in the next breath, the majority hastens to clarify that the Court does not hold that equitable tolling is available under AEDPA. Ante, at 335, and n. 3.[8]
By contrast, no similar problems, practical or jurisdictional, would result from a determination that an application for state postconviction review remains “pending” while a petition for certiorari from the state court’s decision is before this Court. Nor would such a determination create an untoward opportunity for abuse of the writ. The majority’s suggestion that prisoners would have an incentive to petition for certiorari as a delay tactic has no basis in reality in the mine run of cases. Most prisoners want to be released from custody as soon as possible, not to prolong their incarceration. They are therefore interested in the expeditious resolution of their claims.[9]
As earlier indicated, see swpra, at 342-343 and this page, under the majority’s rule, a petitioner could achieve the *345 equivalent of tolling by filing a protective petition in federal court and seeking a stay while a certiorari petition is pending. See ante, at 335; cf. Rhines v. Weber, 544 U. S. 269, 278-279 (2005) (a prisoner seeking state postconviction relief may file a protective petition in federal court and ask the court to stay and abey the federal proceedings until state remedies are exhausted). In that event, today’s decision does nothing to promote the finality of state-court determinations or the expeditious resolution of claims. Rather, it imposes an unnecessary administrative burden on federal district judges who must determine whether to grant a requested stay, and it sets a trap for those pro se litigants unaware of the need to file duplicative petitions.
In sum, the majority’s reading is neither compelled by the text of § 2244(d)(2) nor practically sound. By cutting off tolling before this Court has had an opportunity to consider a pending petition for certiorari, the Court’s holding will unnecessarily encumber the federal courts with anticipatory filings and deprive unwitting litigants of the opportunity to pursue their constitutional claims — all without furthering the purposes of AEDPA.
* * *
For the reasons stated, I would hold that petitioner Lawrence qualifies for statutory tolling under § 2244(d)(2), and would therefore reverse the Eleventh Circuit’s judgment.

 It is unclear just what the majority thinks we are considering when we address a state habeas petition on certiorari. We are certainly not deciding a petition for federal habeas relief. See 28 U. S. C. §2254 (authorizing applications by persons in state custody for federal habeas review). And though we can entertain original habeas petitions, see Felker v. Turpin, 518 U. S. 651, 660 (1996), a petition for certiorari from a state-court judgment does not fall within that category.

 I would not reach in this proceeding cases in which a petitioner does not seek certiorari review of the state court’s judgment — i. e., cases presenting the question whether tolling ends with the decision of the State’s highest court or with the expiration of the time to file a petition for certiorari. That question is not presented here, for Lawrence timely sought this Court’s review of the denial of state postconvietion relief.

 The majority inappropriately relies on Carey v. Saffold, 536 U. S. 214, 220 (2002), for the proposition that a state posteonviction application remains pending only until the State’s posteonviction procedures are complete. Ante, at 332. Though Carey affirmed that tolling continues throughout the State’s own posteonviction procedures, it did not hold that (or even consider whether) the time for seeking certiorari from this Court was excluded from the tolling period.

 Notably, in Clay v. United States, 537 U. S. 522, 527-530 (2003), we rejected the contention that the absence of the phrase “time for seeking ... review” from another provision changed the meaning of “final.” Section 2255, ¶ 6(1), refers simply to “the date on which the judgment of conviction becomes final” and not to “the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.” Nevertheless, we held that a judgment of conviction becomes final when the time expires for filing a petition for certiorari. Id., at 525, 528.

 Matching §2263(b)(2)’s abbreviated tolling period, § 2263(a) provides for a shorter statute of limitations. Compare § 2244(d)(1) (“A 1-year period of limitation shall apply to an application for a writ of habeas corpus ....”) with § 2263(a) (establishing a 180-day period of limitation).

 See, e.g., Sanchez-Llamas v. Oregon, 548 U. S. 331 (2006) (certiorari petition filed on June 7,2005, and decided 386 days later on June 28, 2006); Deck v. Missouri, 544 U. S. 622 (2005) (certiorari petition filed on July 15, 2004, and decided 312 days later on May 23,2005).

 The majority regards the practical problems as inconsequential for we rarely grant certiorari in state habeas proceedings. Ante, at 335. For this proposition, the Court cites a pre-AEDPA case in which Justice Stevens noted that federal habeas proceedings were generally the more appropriate avenue for our consideration of federal constitutional claims. See Kyles v. Whitley, 498 U. S. 931,932 (1990) (opinion concurring in denial of stay of execution). Since AEDPA, however, our consideration of state habeas petitions has become more pressing. Under AEDPA’s standard of review, a petitioner who has suffered a violation of a constitutional right will nonetheless fail on federal habeas unless the state court’s decision “was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by [this] Court,” 12254(d)(1), or “was based on an unreasonable determination of the facts,” 12254(d)(2). Even if rare, the importance of our review of state habeas proceedings is evident. See, e. g., Deck, 544 U. S., at 624 (granting review of state habeas petition and holding that the Constitution forbids the use of visible shackles during guilt and penalty phase unless justified by an essential state interest); Roper v. Simmons, 543 U. S. 551, 578 (2005) (granting review of state habeas petition and holding that execution of individuals under age of 18 is prohibited by the Eighth and Fourteenth Amendments).

 Satisfied that statutory tolling covers this case, I do not address petitioner’s alternative argument for equitable tolling.

 Though capital petitioners may be aided by delay, they are a small minority of all petitioners. In this case, moreover, there is no indication that Lawrence was intentionally dilatory. See ante, at 330, n. 1.