# United States Court of Appeals for the Federal Circuit

Miscellaneous No. 841

IN RE PRINCO CORPORATION
and PRINCO AMERICA CORPORATION,

Petitioners.

Eric L. Wesenberg, Orrick, Herrington & Sutcliffe LLP, of Menlo Park, California, filed a response for petitioners. With him on the response were Robert E. Freitas, Cynthia A. Wickstrom and Jason S. Angell.

Garrard R. Beeney, Sullivan & Cromwell LLP, of New York, New York, filed a combined petition for panel rehearing and rehearing en banc for respondent, U.S. Philips Corporation. With him on the petition were Maite Aquino, James T. Williams, and Adam R. Brebner. Also on the petition were Margaret K. Pfeiffer and Bruce W. Hickey, of Washington, DC.

On Petition for Writ of Mandamus to the United States District Court for the Southern District of New York

Judge Charles L. Brieant, Jr.

# United States Court of Appeals for the Federal Circuit

MISCELLANEOUS DOCKET NO. 841

IN RE PRINCO CORPORATION
and PRINCO AMERICA CORPORATION,

Petitioners.

ON PETITION FOR REHEARING

Before BRYSON, LINN, and DYK, Circuit Judges.

DYK, Circuit Judge.

ORDER

On March 1, 2007, we granted Princo Corporation and Princo America Corporation's ("Princo") petition for a writ of mandamus and directed the United States District Court for the Southern District of New York to stay the case pursuant to 28 U.S.C. § 1659 (2000) "until related proceedings before the [International Trade] Commission, including any appeals, become final." In re Princo Corp., 478 F.3d 1345, 1348 (Fed. Cir. 2007). We construed the term "until the determination of the Commission becomes final" in § 1659 to include any subsequent appeal periods. In a petition for rehearing, U.S. Philips Corporation ("Philips") contends that the court erred in construing the "becomes final" language in § 1659 to require finality on appeal. Philips notes that the same "becomes final" language appearing in 28 U.S.C. § 1659 also appears in 19 U.S.C. § 1337, and in the latter statute necessarily refers to finality only at the Commission level.

Philips is correct that the "becomes final" language in § 1337 refers to finality at the Commission level since that provision defines the right to appeal from a final judgment of the Commission. Section 1337(c) provides that "[a]ny person adversely affected by a final

determination of the Commission . . . may appeal such determination, within 60 days after the determination becomes final, to the United States Court of Appeals for the Federal Circuit."  Subsection 1337(j) permits the President to intervene for 60 days after the Commission determines that there is a violation of § 1337.  If the President does not disapprove of the determination with 60 days, § 1337(j)(4) provides that "such determination shall become final on the day after the close of such period or the day on which the President notifies the Commission of his approval, as the case may be."

As the Supreme Court held in Clay v. United States, 537 U.S. 522, 527 (2003), language relating to finality must be construed in the context of the particular statute: "[f]inality is variously defined; like many legal terms, its precise meaning depends on context."  Here sections 1337 and 1659 were enacted at different times, appear in different titles of the U.S. Code, and have quite different purposes.  The "becomes final" language in § 1337 was added to title 19 in 1975 as part of the Trade Act of 1974, Pub. L. 93-618, § 314(a), 88 Stat. 1978 (Jan. 3, 1975).[1]  In particular, § 1337(c) was enacted to "extend the right to judicial review of final Commission determinations."  S. Rep. No. 93-1298 (1974), reprinted in 1974 U.S.C.C.A.N. 7186, 7329.

In contrast, § 1659 was enacted twenty years later in 1994 as part of the Uruguay Round Agreement Act, Pub. L. 103-465, Title III, § 321, 108 Stat. 4945 (Dec. 8, 1994), to ensure that United States procedures for dealing with alleged infringements by imported products are consistent with the GATT 1994 "national treatment" rules.  H.R. Rep. No. 103-826(I), at 142 (1994), reprinted in 1994 U.S.C.C.A.N. 3773, 3914.  The purpose of

---

[1]  The current language was added as subsection (g)(4) but was redesignated as subsection (j)(4) in 1988.  Pub. L. 100-418, § 1342(a)(5)(A), 102 Stat. 1107 (Aug. 23, 1988).

§ 1659(a) was to prevent infringement proceedings from occurring "in two forums at the same time."[2]  Id. at 141.  These different purposes make it appropriate to interpret the "becomes final" language in § 1337 and § 1659 differently.   In the case of § 1337, the purpose of the statute is to allow judicial review after final Commission action.  "Becomes final" thus necessarily refers to finality before judicial review.  In the case of § 1659, the purpose of the statute is to avoid duplicative proceedings.  "Becomes final" in that context refers to finality after judicial review.  As discussed in our original opinion, 478 F.3d at 1355, the purpose of avoiding duplicative proceedings cannot be achieved if the stay does not extend to proceedings on appeal.

Moreover, it is quite significant that the definitional provision of § 1337 limits the definition of "becomes final" to subsections (j)(3) and (c) and does not refer to § 1659.  Section 1337(j)(4) provides that "for purposes of paragraph (3) and subsection (c) of this section such determination shall become final on the day after the close of such period or the day on which the President notifies the Commission of his approval, as the case may be."  § 1337(j)(4).  Section 1337(j)(4) makes no reference to § 1659, and § 1659 makes no reference to § 1337(j)(4).   In similar circumstances, where there is an "absence of any explicit connector between" the two statutes, the Supreme Court has declined to read a definition from one statute into another, finding the absence of a cross-reference to be "revealing."  United States v. Reorganized CF & I Fabricators of Utah, Inc., 518 U.S. 213, 220 (1996).  Thus, in 26 U.S.C. § 4971, the Internal Revenue Code ("Tax Code") defined

---

[2]     Philips argues that Congress intended to address only the burden of litigating before the Commission, as opposed to the lighter burden of litigating appeals of the Commission's decisions, during the pendency of parallel proceedings before a district court, but we see no indication of such a congressional intent, and we doubt that Congress would have intended the on-again, off-again stays that could result from Philips's interpretation.

"tax" but the Bankruptcy Code in 11 U.S.C. § 507 did not.  The Supreme Court held that the Tax Code definition was inapplicable finding it "significant . . . that Congress included no such reference in § 507(a)(7)(E), even though the Bankruptcy Code itself provides no definition of 'excise,' 'tax,' or 'excise tax.'"  Reorganized CF & I Fabricators of Utah, Inc., 518 U.S. at 220.  Even when the definition appears in a single statute, our sister circuits have also held that definitions limited to one section should not be applied to another section.  Thus, for example, the Fourth Circuit held that, where Congress limited the definition of "investigative or law enforcement officer" to 28 U.S.C. § 2680(h), "[t]o apply the § 2680(h) definition beyond that subsection would make meaningless the limitation that Congress placed on the definition."  Andrews v. United States, 441 F.3d 220, 226 (4th Cir. 2006); see also U.S. Postal Serv. v. Amada, 200 F.3d 647, 650-51 (9th Cir. 2000) (holding that where the definition of "lottery" is "expressly limited to [18 U.S.C.] § 1307(b)" the definition cannot be applied to a related civil statute).[3]

We conclude that § 1337 is not designed to define finality for purposes of § 1659 and that finality in the latter section has a different meaning, namely that a Commission proceeding does not "become final" until all appeals are exhausted.  We see no reason to alter the construction of § 1659 set forth in our original opinion.

Accordingly,

IT IS ORDERED THAT:

_____

[3]  Philips also points out that 19 U.S.C. § 3512(b)(2)(B)(iv) of the 1994 legislation, concerning challenges to state laws on the ground of inconsistency with the Uruguay Round Agreements, provides that "any State law that is declared invalid shall not be deemed to have been invalid in its application during any period before the court's judgment becomes final and all timely appeals, including discretionary review, of such judgment are exhausted."  This language does not suggest that the term "becomes final" standing alone excludes appellate review, but rather that, in that context, Congress wished to make particularly clear that it did include appellate review.

The petition for rehearing is denied.

FOR THE COURT

<u>     May 4, 2007     </u>                  <u>s/Timothy B. Dyk  </u>
           Date                                 Timothy B. Dyk
                                         Circuit Judge

Misc. 841                           5