FILED
United States Court of Appeals
Tenth Circuit

July 30, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

JUAN DESHANNON BUTLER,

        Defendant - Appellant.

No. 09-5069
(N.D. Oklahoma)
(D.C. Nos. 4:08-CV-00527-CVE-PJK
and 4:05-CR-00004-CVE-1)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **LUCERO**, **MURPHY,** and **McCONNELL**, Circuit Judges.

---

Petitioner, Juan Deshannon Butler, seeks a certificate of appealability

("COA") so he can appeal the district court's dismissal of the motion to vacate,

set aside, or correct sentence he brought pursuant to 28 U.S.C. § 2255. *See* 28

U.S.C. § 2253(c)(1)(B) (providing a movant may not appeal the disposition of a

§ 2255 motion unless he first obtains a COA). In 2006, Butler was convicted of

being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

*United States v. Butler*, 485 F.3d 569, 570 (10th Cir. 2007). Butler's conviction

was affirmed by this court on May 7, 2007. *Id*. at 577. The instant § 2255

motion is dated September 3, 2008, and was filed in the district court on

September 10, 2008. In the motion, Butler asserted several ineffective assistance of counsel claims.

The Government argued that Butler's § 2255 motion was untimely because it was filed more than one year after his conviction became final. *See* 28 U.S.C. § 2255(f) (setting forth a one-year statute of limitations for § 2255 motions). In its order of dismissal, the district court determined the one-year limitations period ended on August 6, 2008, one year after the time to file a petition for a writ of certiorari to the United States Supreme Court expired. *Clay v. United States*, 537 U.S. 522, 524-25 (2003). The court concluded Butler was not entitled to equitable tolling because he had failed to diligently pursue his claims and failed to demonstrate that his failure to file a timely § 2255 motion was caused by extraordinary circumstances beyond his control.[1] *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Accordingly, the § 2255 motion was dismissed as untimely. In his appellate brief, Butler argues the merits of the claims he seeks to raise in his § 2255 motion. He does not address the district court's procedural ruling and presents no argument that the district court miscalculated the one-year period or erroneously resolved the equitable tolling question.

To be entitled to a COA, Butler must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

---

[1]The district court also concluded that a handwritten motion dated August 15, 2008, could not be construed as Butler's § 2255 motion because it contained no facts to support the ineffective assistance allegation.

*Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). Our review of the record demonstrates that the district court's dismissal of Butler's § 2255 motion as untimely is not deserving of further proceedings or subject to a different resolution on appeal. Accordingly, we **deny** Butler's request for a COA and **dismiss** this appeal. Butler's request to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge