**Jerry E. SMITH, Plaintiff—Appellant,**

v.

**A. LAMARQUE, Warden, Respondent—Appellee.**

No. 03–56337.
D.C. No. CV–00–01326–CBM.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2004.*

Decided Oct. 20, 2004.

Robison D. Harley, Jr., Santa Ana, CA, for Plaintiff–Appellant.

Jerry E. Smith, Vacaville, CA, pro se.

Theresa Cochrane, Esq., Theresa A. Patterson, Esq., Office of the California Attorney General, Los Angeles, CA, Donald E. De Nicola, Esq., California Attorney General's Office, Los Angeles, CA, for Respondent–Appellee.

Before PREGERSON, TASHIMA, and PAEZ, Circuit Judges.

MEMORANDUM **

California state prisoner Jerry E. Smith appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction and sentence of 26 years to life for several offenses, including possession of cocaine base for sale. We have jurisdiction under 28 U.S.C. § 1291.

We review *de novo* the district court's decision to deny a habeas petition. *Alcala v. Woodford,* 334 F.3d 862, 868 (9th Cir. 2003).

Smith contends that his conviction and sentence should be reversed because the prosecutor engaged in the racially discriminatory use of peremptory challenges during the empaneling of his jury. *See Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). After reviewing Smith's claim de novo, *see Wade v. Terhune,* 202 F.3d 1190, 1197 (9th Cir. 2000) ("Because the California courts followed the 'strong likelihood' test of *Wheeler* rather than the 'inference' test of *Batson* ... we review the petitioners' *Batson* claims *de novo.*"), we conclude that he has failed to make a *prima facie* showing of a *Batson* violation. *See Cooperwood v. Cambra,* 245 F.3d 1042, 1047–48 (9th Cir.2001) (stating that the prosecutor's peremptory challenge of an African–American juror, where other African–Americans were available to be drawn from the jury pool and two African–Americans were eventually empaneled, does not by itself raise an inference of discrimination). The district court therefore properly denied Smith's claim.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.