NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-15201 |
| Plaintiff - Appellee, | D.C. Nos. 2:06-cv-02302-JAT |
| | 02-cr-00155-JAT |
| v. | |
| JOHN DERRICK MARTIN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted May 10, 2010
San Francisco, California

Before: REINHARDT, W. FLETCHER and N.R. SMITH, Circuit Judges.

John Derrick Martin, a federal prisoner, appeals the dismissal of his 28

U.S.C. § 2255 motion to vacate the sentence imposed following his jury conviction

for conspiracy and attempted possession with intent to distribute cocaine.  The

district court denied Martin's 28 U.S.C. § 2255 motion as untimely.  We review *de*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

*novo*. *See United States v. Gamba*, 541 F.3d 895, 898 (9th Cir. 2008); *United States v. LaFromboise*, 427 F.3d 680, 682-83 (9th Cir. 2005); *United States v. Zuno-Arce*, 339 F.3d 886, 888 (9th Cir. 2003). We reverse the district court's ruling and remand this case for further proceedings.

In Martin's direct appeal, *United States v. Martin*, 117 Fed. App'x 509 (9th Cir. 2004) (mem.), we entered an order affirming his conviction on November 23, 2004, but reserved a sentencing question pending the Supreme Court's forthcoming decision in *United States v. Booker,* 543 U.S. 220 (2005), and "during the pendency of any further related motions in the present case." *Martin*, 117 Fed. App'x at 512. Following supplemental briefing, we concluded that a limited remand for sentencing purposes was not appropriate. We entered an order affirming the judgment and the sentence imposed by the district court in this cause on September 27, 2005. Our order was denominated "judgment." It constituted a final judgment affirming Martin's conviction and sentence for 28 U.S.C. § 2255 purposes.

A 28 U.S.C. § 2255 motion must be filed within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). In the context of 28 U.S.C. § 2255 motions, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the

appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). In Martin's case, our judgment was dated September 27, 2005, and Martin had 90 days thereafter to petition the Supreme Court for certiorari. *Id.* His "judgment of conviction" therefore became final on December 26, 2005, and his time limit for filing a 28 U.S.C. § 2255 motion was December 26, 2006.

Martin filed a 28 U.S.C. § 2255 motion on September 26, 2006, 91 days before the statutory deadline. The district court, however, erroneously dismissed his motion as untimely, assuming that the judgment of conviction became final on February 21, 2005, 90 days after the entry of our November 23, 2004 order, rather than on December 26, 2006. Accordingly, the motion was timely filed and we remand the case for further proceedings.

**REVERSED and REMANDED.**