**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-7087**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

RASHAUD KAREEM OSBORNE, a/k/a Rocky,

                Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Mark S. Davis, District Judge.  (4:07-cr-00139-WDK-FBS-1)

Submitted:  August 22, 2011          Decided:  September 13, 2011

Before NIEMEYER, AGEE, and KEENAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Rashaud Kareem Osborne, Appellant Pro Se.  Timothy Richard Murphy, Special Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashaud Kareem Osborne appeals the district court's order dismissing as untimely his 28 U.S.C. § 2255 (2006) motion. We vacate the order and remand for further proceedings.

Osborne pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, and possession with intent to distribute 124.3 grams of cocaine, and he was sentenced to concurrent terms of 235 months in prison and five years of supervised release. Osborne's sentencing hearing was held on April 3, 2008, and he did not file a direct appeal. On June 4, 2009, the district court received Osborne's first § 2255 motion, which was given to prison officials for mailing on May 30, 2009. On May 28, 2010, the district court dismissed the motion without prejudice for Osborne's failure to comply with the district court's order to provide his factual allegations. On July 1, 2010, the district court granted Osborne's motion to refile his § 2255 motion but dismissed the motion as untimely.

The district court determined "that 'final judgment' in this case was rendered when sentence was imposed on April 3, 2008," and the one-year limitation period under 28 U.S.C.A. § 2255(f) (West Supp. 2011) began at that time. Osborne timely appealed the order. The judgment in a criminal case was neither included in the original record on appeal, nor was it noted on

2

the docket sheet. We granted a certificate of appealability on the issue of whether the district court erred in ruling that Osborne's § 2255 motion was filed more than one year after his judgment of conviction became final and was therefore untimely, when the judgment had not been entered on the criminal docket. On May 25, 2011, the district court modified its criminal docket sheet "to remove court only status" as to entry of the criminal judgment and forwarded a new copy of the docket sheet and the judgment to this Court. According to the modified docket sheet, the judgment was filed on April 10, 2008 and entered on April 14, 2008, and copies were provided on April 11, 2008.

Osborne was required to file his § 2255 motion within one year from the date on which his judgment of conviction became final by the conclusion of direct review or expiration of the time for seeking such review. See 28 U.S.C.A. § 2255(f)(1); Clay v. United States, 537 U.S. 522, 532 (2003). He had fourteen days from the date when judgment was "entered on the criminal docket" in which to appeal the judgment. See Fed. R. App. P. 4(b)(1), (b)(6). The Government concedes the district court erred in ruling that Osborne's final judgment was rendered when the sentence was imposed on April 3, 2008, but contends that "the legal error makes no difference because defendant's motion was untimely using the correct date of April 10, 2008." The Government further contends that Osborne "cannot claim that

3

he was prejudiced by the lack of public posting of the entry date on the docket, for he assumed that the one-year statute of limitations ran from April 3, 2008, the sentencing date, and the district court's docket notes that copies of the judgment of conviction were 'provided on 4/11/08.'"

However, the criminal judgment was not final before it was entered on the criminal docket within the meaning of Fed. R. App. P. 4(b)(6); the keeping of a docket fulfills a public record-keeping function over and above the giving of notice to a party; and the right of public access in a criminal case extends to documents. See Fed. R. Crim. P. 55; Bankers Trust Co. v. Mallis, 435 U.S. 381, 384 n.4 (1978); In re Latture, 605 F.3d 830, 832-33 (10th Cir. 2010); In re Washington Post Co., 807 F.2d 383, 393 n.9 (4th Cir. 1986). We conclude that the criminal judgment was not entered on the criminal docket until the district court modified the docket on May 25, 2011, and therefore, Osborne's § 2255 motion is not untimely.

Accordingly, we vacate the district court's order and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

4